IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARY ELIZABETH VENT, and
BRIAN VENT,

                      Plaintiffs,                    OPINION AND ORDER

    v.                                                            19-cv-619-wmc

C.R. BARD, INC. and
BARD PERIPHERAL VASCULAR, INC.,

                      Defendants.

---

In this civil action, plaintiffs claim that defendants' "Bard G2 IVC filter" implanted in Mary Elizabeth failed, causing physical, mental and economic injury. (*See* Compl. (dkt. #1) ¶ 9.) Plaintiffs allege that defendants: (1) "knew and/or should have known that [the] G2 filter was defective and unreasonably dangerous" before Mary Elizabeth's implantation procedure; and (2) "misrepresented, omitted, and/or failed to provide full, complete and adequate warnings of the[] risks or instructions for safe use." (*Id.* ¶¶ 11, 16.) Plaintiffs also allege that this court may exercise its diversity jurisdiction under 28 U.S.C. § 1332(a)(1). (*Id.* ¶ 6.) Because the allegations in the complaint are insufficient to determine if this is so, plaintiffs will be given an opportunity to file an amended complaint containing the necessary factual allegations to establish diversity jurisdiction. Failure to do so timely will result in dismissal for lack of subject matter jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Absent the

presence of federal question jurisdiction, unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009); 28 U.S.C. § 1332(a). Moreover, because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiffs contend that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000; and (2) the parties are diverse. (Compl. (dkt. #1) ¶ 6.) For the latter to be true, however, there must be *complete* diversity, meaning neither plaintiff can be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. However, plaintiffs' allegations prevent this court from determining whether it has jurisdiction for two reasons.

The first of these defects should be easily corrected. Currently, the complaint only alleges plaintiffs' Wisconsin *residency*. (Compl. (dkt. #1) ¶¶ 1-2.) Strictly speaking (and the Seventh Circuit has repeatedly advised lower courts that we are speaking strictly), an individual person's domicile rather than his or her residence must be alleged. *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012) ("An allegation of residence is not sufficient to establish citizenship, which requires domicile." (internal citations omitted)). A person's domicile is "the state in which a person intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). As such, a

person may have several residences, but only one domicile. *See id.* Since the original complaint fails to identify either plaintiff's domicile, their citizenship remains unknown.

The complaint's second defect is hopefully almost as easily addressed. As to defendant C.R. Bard, Inc., the complaint alleges that it "is a corporation duly organized and existing under the laws of the state of Delaware, and has its principal place of business in New Jersey." (Compl. (dkt. #1) ¶ 3.) However, the only allegation as to defendant Bard Peripheral Vascular, Inc., is that it is "a wholly owned subsidiary corporation of defendant C.R. BARD, INC., with its principal place of business at 1625 West 3rd Street, Tempe, Arizona." (*Id.* ¶ 4.) Under § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where is has its principal place of business." Plaintiffs do not allege Bard Peripheral Vascular's state of incorporation. Accordingly, its citizenship is partially unknown.

Before dismissing this action for lack of subject matter jurisdiction, plaintiffs will be given leave to file **within 14 days** an amended complaint that establishes subject matter jurisdiction by alleging each plaintiff's domicile, as well as the state of incorporation for defendant Bard Peripheral Vascular.

ORDER

IT IS ORDERED that:

1) Plaintiffs shall have until August 20, 2019, to file and serve an amended complaint containing good faith allegations sufficient to establish *complete* diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

2) Failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 5th day of August, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge